FLANAGAN and others *v.* UNITED STATES & BRAZIL MAIL S. S. Co.[1]

*(District Court, E. D. New York.*   August 5, 1886.)

MARITIME LIENS—SEAMEN'S WAGES—WRECK—TERMINATION OF VOYAGE—SUR-VEY.

In case of a wreck, it must be left to the discretion of the master to fix the actual termination of the seamen's services, under section 4526 of the Revised Statutes, and his decision will be supported, unless some wrong or injustice be practiced on the seamen. Survey and condemnation of a vessel is not a necessary ingredient of wreck.

In Admiralty.
*F. A. Wilcox,* for libelants, George Flanagan and others.
*Richards & Heald,* for claimant.

BENEDICT, J. It is not possible for the libelant to recover. The provisions of the Revised Statutes control. By the stranding of the steamer Reliance the voyage was broken up. The case is one where the services of the seamen terminated by reason of wreck, and, by section 4526, the seamen were entitled to wages for the term of services prior to such termination, but not for any further period. Their wages, calculated up to that time, were tendered them in the equivalent of gold, and, upon their refusing to take the money, it was properly paid to the consul. In case of a wreck by stranding, it must be left to the discretion of the master to fix the day of the actual termination of the seamen's services, and his decision will be supported, unless some wrong or injustice be practiced on the seamen. No such case is made here. If, as seems from the proofs, the stranding of the steamer was caused by the intoxication of the master, it was none the less a case of a termination of the seamen's service, by reason of the wreck of the vessel, within the meaning of section 4526.

The point taken in behalf of the seamen, that their services could not be lawfully terminated prior to the condemnation of the vessel on July 9th, is not tenable. A survey is not a necessary ingredient of wreck. In this case the facts justified the master in terminating the services of the seamen when he did, although that was prior to any survey. Nor is the legality of the master's act in discharging the men affected by the fact that natives were employed in the work of discharging the cargo. Under the circumstances, it was humanity to the seamen not to put them at work on decaying hides and coffee, which constituted a considerable

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

part of the cargo. The men were sent home by the consul on the steamer Advance, a vessel likewise owned by the defendant. Of course, they were not entitled to wages for their services on the Advance. The statute made it their duty to work, if able.

The libel must be dismissed, with costs.