## THE QUAKER CITY.

### SIGBY et al. v. UNITED STATES et al.

(District Court, D. Maryland. June 13, 1923.)

1. **Seamen 🖘19—Entitled to wages to termination of service only, where discharged when ship is so injured as to be unable to complete voyage; "lost or wrecked."**

   Where a steamship was stranded and so injured as to be unable to complete her voyage, she was "lost or wrecked," within the meaning of Rev. St. § 4526, as amended (Comp. St. § 8317), and her seamen, discharged for that reason, are entitled to wages only to termination of their service.

2. **Seamen 🖘19—Not entitled to wages for services rendered while being transported home.**

   Seamen, discharged in a foreign port because of disabling of their ship, and furnished transportation to a home port, under Rev. St. § 4577 (Comp. St. § 8368), are not entitled to wages for duty required of them on the home-bound vessel.

In Admiralty. Suit by S. A. Sigby and others, members of the crew of the steamship Quaker City, against the United States and the United States Shipping Board Emergency Fleet Corporation. Libel dismissed.

George T. Mister, of Baltimore, Md., for libelants.

George Forbes and Henry L. Wortche, both of Baltimore, Md., for respondents.

SOPER, District Judge. [1] Certain members of the crew of the steamship Quaker City have filed a libel claiming a sum equal in amount to one month's wages under R. S. § 4527 (Comp. St. § 8318), or R. S. § 4581, as amended (Comp. St. § 8372).

The steamship was stranded on the rocks off the coast of Scotland, some 80 miles from the port of Leith. The services of two tugs were required to pull the steamship off the rocks, after which, under convoy of the tugs, she was able to proceed under her own power to Leith. She was there put in dry dock, and it was discovered that she was so badly injured that it would take a considerable period to make the necessary repairs. She was therefore unable to complete her voyage. The cargo was removed, and the seamen were discharged after some weeks in port, during which they were in and about the ship on duty.

On behalf of the steamship it is claimed that the case is one for the application of R. S. § 4526, as amended (Comp. St. § 8317), wherein it is provided that, in cases where the service of any seaman terminates before the period contemplated in the agreement, by reason of the loss or wreck of the vessel, such seaman shall be entitled to wages for the time of service prior to such termination, but not for any further period. The seamen were paid the wages up until the time of the termination of the service, upon the abandonment of the voyage, as set out above, and were furnished transportation on another ship to the United States. In a similar case, The Charles D. Lane, 106 Fed. 746, it was held that a ship, to be lost or wrecked within the meaning

of R. S. § 4526, does not have to be completely destroyed, but that, if she is so injured by encountering ordinary perils of navigation as to be unfit to complete the particular voyage commenced, the terms of the statute are met, and the seamen receive all they can legally claim when they are paid wages at the contract rate for the time of actual service.

[2] Some of the seamen were required to do duty on board the vessel bringing them to the United States after being discharged. This service was covered by the provisions of R. S. § 4577 (Comp. St. § 8368), and for it they are not entitled to compensation.

The libel will be dismissed.