**AVGOUSTIS v. ERINI SHIPPING CO. et al.**

**The EVGENIA, her engines, etc. No. 48, Docket 21413.**

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1949.

Decided Nov. 7, 1949.

Arkin, Lebovici & Kottler, New York City, Proctors for Libellants-Appellants; Herbert Lebovici, New York City, Advocate.

Horace M. Gray, New York City, Proctor for Claimant-Respondent-Appellee and Cross-Appellant; Horace M. Gray and Edward R. Phillips, New York City, Advocates.

462

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On or about October 21, 1948, the fourteen libellants, all Greek nationals, signed Panamanian shipping articles for a voyage on the S. S. Evgenia, a cargo vessel sailing under the Panamanian flag and owned by the Erini Shipping Company S. A., the claimant herein. The charter provided: "Vessel is to leave New York, N. Y. for Botwood no later than October 23, 1948, and to proceed direct to Botwood, Newfoundland, where vessel will load newsprint cargo." The ship's articles provided in paragraph 6 as follows:

"6) Any dispute which may arise between the Master or Owner, and the members of the crew of the vessel, relative to their contracts, salaries, working conditions or obligations and rights of the parties, shall be submitted to and be resolved by the competent authorities of the Republic of Panama, whose decisions shall be obligatory for all parties," and in paragraph 7 as follows:

"7) It is hereby expressly agreed and understood that the rights and obligations of the persons signing this contract, while under paid contract and remaining aboard ship or at the service of the said vessel, shall be determined exclusively by the Commercial Code, the Civil Code and other laws of the Republic of Panama which may apply irrespective of the place where this contract may be signed or the place where acts originating such rights or obligations may occur."

The Evgenia sailed from New York on October 23, 1948, after being given the highest rating by the American Bureau of Shipping. Libellants seem to have raised no issue as to her seaworthiness when she sailed.

On the second day out the vessel began to encounter very heavy weather causing her propeller to race and to shear some bolts on the propeller shafting. She hove to while repairs were made by her engine-room crew and then proceeded. The next morning, October 26, before reaching Nan-

tucket Light-Vessel, heavy seas damaged her steering apparatus so badly that she was obliged to return downwind to New York, as the nearest port of refuge, in order to make repairs. She arrived at New York on October 27, 1948, was surveyed, and repairs were completed November 3, 1948, whereupon the vessel retained her class pursuant to the classification surveyor's report on November 10, 1948.

After returning to New York, the vessel obviously could not leave that port "no later than October 23, 1948" for Botwood as provided in the ship's charter, and did not "proceed direct." Accordingly, the owner agreed on November 1st that the charterer could cancel the charter because the owner could not perform owing to heavy weather damage, and the charterer did cancel.

The master only paid wages up to and including November 6, 1948.

One of the libellants Psomopoulos failed to join the ship and did not make the trip. He also failed to testify either at the trial or by deposition. His claim was therefore abandoned during the trial.

The District Court dismissed the libel on the ground that the voyage had been interrupted due to perils of the sea, and that the master was legally entitled to discharge the crew when he did and to pay them only up to the date of discharge, under 46 U.S.C.A. § 593. Under 46 U.S.C.A. § 594 the libellants claim thirty days additional wages beyond the period of their service by way of an improper discharge and penalty of two days for one because of non-payment of such additional wages and have taken this appeal to obtain such a recovery.

The Court of Appeals for the Fourth Circuit in Vlavinos v. The Cypress, 171 F. 2d 435, certiorari denied, 337 U.S. 924, 69 S.Ct. 1168, recently held that 46 U.S.C.A. § 594, allowing recovery of one month's wages on improper discharge is applicable to any seaman, and in that case to Greek sailors upon a vessel of Panamanian registry. But that decision did not deal with a situation where the ship was so damaged by perils of the sea that she could not per-

form her voyage. Loss or wreck of the vessel is covered by 46 U.S.C.A. § 593 which reads as follows:

"In cases where the service of any seaman terminates before the period contemplated in the agreement, by reason of the loss or wreck of the vessel, such seaman shall be entitled to wages for the time of service prior to such termination, but not for any further period. Such seaman shall be considered as a destitute seaman and shall be treated and transported to port of shipment as provided in sections 678, 679, and 681 of this title. * * *"

The above Section 593 is directly derived from § 4526 of the Revised Statutes. Section 4526 had been construed by District Judges Soper, Hanford and Benedict, all especially experienced in maritime law, as not limited to cases where a ship has been totally destroyed but as covering situations where a ship has been so injured by encountering ordinary perils of navigation that she is unfit to complete the particular voyage commenced. The Quaker City, D.C.Md., 290 F. 409; The Charles D. Lane, D.C.N.D.Wash., 106 F. 746; Flanagan v. United States & Brazil Mail S. S. Co., D.C.E.D.N.Y., 30 F. 202. These decisions are logical and persuasive, and we hold that because of 46 U.S.C.A. § 593, the seamen were entitled to no more than wages for the period prior to the termination of a service which ended by reason of a loss or wreck. These wages were paid to the libellants and they can lawfully claim no more.

The provisions in section seven of the ship's articles that the rights and obligations of the persons signing the articles "shall be determined exclusively by the Commercial Code, the Civil Code and other laws of the Republic of Panama" do not affect the libellants' rights to sue for a discharge where the discharge was due to "loss or wreck of the vessel." In such a situation, their rights are specially limited by 46 U.S.C.A. § 593 which has been uniformly and, as we hold, properly construed to preclude recovery under 46 U.S.C.A. 594. In other words, § 593, as well as § 594 where it is applicable, embraces all sea-

men suing for wages in United States ports, and is controlling under our laws. We, therefore, cannot sustain the cross-assignments of error of the respondent based on the theory that Panama law should have been proved by the libellants for under 46 U.S.C.A. § 593 the vessel suffered "loss or wreck," and that fact precludes liability under § 594.

For the foregoing reasons the judgment of dismissal is affirmed.