**Harold E. SHARPE, Luis C. Herrera, and Frank D. Shelton, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1423–A.**

United States District Court, E. D. North Carolina, Wilmington Division.

Feb. 5, 1971.

Schwartz & O'Connell, New York City, William K. Rhodes, Jr., Wilmington, N. C., for plaintiffs.

Warren H. Coolidge, U. S. Atty., Raleigh, N. C., Rountree & Clark, Wilmington, N. C., for defendant.

## OPINION and FINAL JUDGMENT

DALTON, District Judge (sitting by designation).

Plaintiffs Sharpe, Herrera, and Shelton signed on in December, 1967 as Master, Chief Mate, and Second Mate, respectively, of the S/S Albion Victory, which was owned by the defendant United States. On December 27, 1967 this vessel, while in port in Mobile, Alabama, was extensively damaged by a fire which was not caused by any fault on the part of the Master or of the defendant. The ship was unable to complete the voyage and the plaintiffs were discharged on January 7, 1968 with payment of wages made to that date. They have brought this action under 46 U.S.C. § 594 [1] to recover an extra month's wages and the defendant resists this claim. The case has been submitted to this court on a stipulation of facts and on the written arguments of the parties.

There is no serious question but that the plaintiffs do come within the terms of 46 U.S.C. § 594 since they were discharged before the commencement of the voyage and without their fault or consent. The defendant seeks to escape liability, however, on the ground that 46 U.S.C. § 593 [2] acts as a limitation on § 594 and that the plaintiffs come within the terms of both statutes. In other words the defendant urges that a discharge made before commencement of the voyage because of the loss or wreck

[1.] Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned.

[2.] In cases where the service of any seaman terminates before the period contemplated in the agreement, by reason of the loss or wreck of the vessel, such seaman shall be entitled to wages for the time of service prior to such termination, but not for any further period. Such seaman shall be considered as a destitute seaman and shall be treated and transported to port of shipment as provided in sections 678 and 679 of this title. This section shall apply to fishing and whaling vessels but not to yachts.

of the vessel does not entitle the discharged seaman to an additional month's wages. Therefore, the issues raised in this case are (1) whether § 593 does act as a limitation on § 594 and (2) if § 593 does act as a limitation, whether this factual situation is included within its provisions.

Although the plaintiffs make an initial argument on the question of the limiting effect of § 593, they do not contest this issue strenuously. Their main argument is that § 593 does not cover the factual situation of the case. It is the settled weight of authority that § 593 does act as a limitation on § 594 and the court accepts this view. Avgoustis v. Erini Shipping Co., 177 F.2d 461 (2nd Cir. 1949); Fowles v. American Export Lines, Inc., 300 F.Supp. 1293 (S.D. N.Y. 1969); The Quaker City, 290 F. 409 (D. Md. 1923) (Soper, D.J.). *See* Henderson v. Arundel Corp., 262 F. Supp. 152 (D. Md. 1966).

The question before the court, then, is whether the S/S Albion Victory was a "loss or wreck" within the meaning of § 593. Although the plaintiffs suggest that a ship should be almost totally ruined to be considered a "loss or wreck," the cases have not made such a stringent interpretation.

A ship, to be lost or wrecked within the meaning of [this section] does not have to be completely destroyed, but that, if she is so injured by encountering ordinary perils of navigation as to be unfit to complete the particular voyage commenced, the terms of the statute are met, and the seamen receive all they can legally claim when they are paid wages at the contract rate for the time of actual service. The Quaker City, 290 F. 409, 409–410 (D. Md. 1923).

Similarly, in Avgoustis v. Erini Shipping Co., 177 F.2d 461 (2nd Cir. 1949) it was said that when a ship was so damaged by perils of the sea that it could not perform its voyage, § 593 applied to preclude recovery of an additional month's wages.

On the basis of these terms "perils of navigation" and "perils of the sea", the plaintiffs contend that a fire, and especially a fire on a ship which is in harbor, cannot be said to be such a peril. A recent case has stated, however, that:

Neither can there be any serious question but that a fire—devoid of negligence on the part of the owner or Master—on a vessel at sea, can be an ordinary peril of navigation. Fowles v. American Export Lines, Inc., 300 F.Supp. 1293, 1298 (S.D. N. Y. 1969).[3]

Although this case involved a fire on a vessel at sea, the court does not believe that the principle should be so restricted. The difference between a fire breaking out on a ship while it is docked or after it has left the harbor does not seem crucial. For example, the same principle would seem to apply whether a ship was destroyed by a hurricane on the high seas or at its moorings. The statute itself does not speak of "perils of navigation" and the court believes that the language actually encompasses any situation where a vessel is so structurally damaged, without fault on the part of its owners or operators, that it cannot complete its voyage without extensive repairs. Naturally this interpretation excludes the situations where a vessel is unable to commence its voyage because of a strike, insolvency of the ship's owner, or similar occurrences. *See* Vlavianos v. The Cypress, 171 F.2d 435 (4th Cir. 1948), cert. denied, 337 U.S. 924, 69 S.Ct. 1168, 93 L.Ed. 1732 (1949).

On the basis of the foregoing analysis, the court believes that these facts do come within the provisions of 46 U.S.C. § 593. The plaintiff seamen have received wages for the time they worked and they are not entitled to an extra month's salary. Summary judgment must be and hereby is granted to the defendant.

Each party shall bear their own costs.

---

3. The plaintiffs advise the court that this decision is being appealed but no decision has been rendered at the date of this opinion.