**Marcus A. FOWLES et al., suing on behalf of themselves and all other members of the unlicensed crew of the S/S EXCALIBUR, Libellants-Appellants,**

v.

**AMERICAN EXPORT LINES, INC., Respondent-Appellee.**

**No. 157, Docket 33856.**

United States Court of Appeals, Second Circuit.

Argued Oct. 18, 1971.

Decided Nov. 3, 1971.

Ned R. Phillips, Abraham E. Freedman, New York City, for appellants.

M. E. DeOrchis, New York City, (Haight, Gardner, Poor & Havens, Thomas H. Lynch, New York City, of counsel), for appellee.

Before MEDINA, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Southern District of New York (300 F. Supp. 1293) entered June 16, 1969 dismissing the libel herein after a trial before the court, Hon. David N. Edelstein, sitting in admiralty. We affirm.

The libellants are five crew members who on March 2, 1964 signed shipping

articles for a voyage aboard the S. S. Excalibur, a vessel owned and operated by the respondent. The voyage was a scheduled 42 day pleasure cruise in the Mediterranean with 86 first-class passengers aboard. Three days after embarkation, on March 5, 1964, a fire broke out in the only galley on board ship while crew members were cooking steaks. The fire was caused by grease and resulted in a complete gutting of the galley, making it impossible to serve the passengers and crew any hot meals for the balance of the cruise. Their only fare was to be cold cuts and sandwiches. In addition the fire caused structural damage to the vessel including buckled and fractured deck girders and damage to electric circuits including the fire alarm and general alarm systems. This damage was ultimately repaired at a cost of $227,159. The court below found that continuance of the journey could have been quite dangerous. The Master decided to return to New York; the voyage was abandoned and the crew was paid earned wages up to March 7, 1964, the last day each man worked. Libellants claim they were improperly discharged and are entitled to a month's wages under 46 U.S.C. § 594.[1] Respondent has maintained that the termination of the seamen's service was because of a loss or wreck of the vessel under 46 U.S.C. § 593[2] and no additional wages are due or owing.

Appellants argue that § 594 provides a separate and distinct right to recover wages for one month if the seaman is blameless and has not consented to discharge and that § 593 is not to be construed as limiting this right. This court has squarely held that where a ship has been so injured by encountering perils of navigation that she is unfit to complete the particular voyage commenced, § 593 governs and a recovery under § 594 is precluded. Avgoustis v. Erini Shipping Co., 177 F.2d 461 (2d Cir. 1949). We see no reason at all to question this opinion of Judge Augustus Hand. The statutory language is clear and precise and *Avgoustis* properly represents the settled weight of authority. Sharpe v. United States, 322 F.Supp. 243, 245 (E.D.N.C.1971).

We find no reason at all to question the holding of the district court below that the vessel was a "wreck" within Section 593. In addition to the impossibility of serving hot meals to passengers who have paid for first-class accommodations on a Mediterranean pleasure cruise, the record amply demonstrates that there was serious structural injury as well as damage to safety and communication equipment. The fire was a peril of the sea and because of the ship's unfitness to continue the Master had no alternative but to terminate the voyage and pay the crew. There is no proof of any negligence or other fault on the part of the respondent. We have examined all of appellants' other arguments and find them to be without merit.

Affirmed.

---

1. § 594. Right to wages in case of improper discharge

   Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned.

2. § 593. Termination of wages by loss of vessel; transportation to place · of shipment

   In cases where the service of any seaman terminates before the period contemplated in the agreement, by reason of the loss or wreck of the vessel, such seaman shall be entitled to wages for the time of service prior to such termination, but not for any further period. Such seaman shall be considered as a destitute seaman and shall be treated and transported to port of shipment as provided in sections 678 and 679 of this title. This section shall apply to fishing and whaling vessels but not to yachts.